Kamaljit KAUR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72705.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Law Office of Inna Lipkin, Redwood City, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, Regina Byrd, Attorney, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Kamaljit Kaur is a native and citizen of India. Kaur petitions for review of the Board of Immigration Appeals' ("BIA") decision which affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, "the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042–43 (9th Cir.2001), and we deny this petition for review.

The IJ offered specific and cogent reasons for his credibility determination based on a demeanor finding, a lack of responsiveness regarding the central aspect of Kaur's claim, and a failure to corroborate her case in San Francisco with a key witness who lived nearby in San Jose. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999); *see also Sidhu v. INS*, 220 F.3d 1085, 1089–92 (9th Cir.2000). Thus, substantial evidence supports the IJ's adverse credibility determination. *See Chebchoub*, 257 F.3d at 1042–43.

Because Kaur did not establish that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Kaur also has failed to meet the standard for CAT relief. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

